Thomas Dickens, J.
Defendants’ motion is to dismiss complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that said complaint does not state facts sufficient to constitute a cause of action.
Taxpayer’s complaint seeks judgment determining acts of the Commissioner of Purchase, City Comptroller and City Treasurer, in connection with effectuating the provisions of section 343-9.0 of the New York City Administrative Code, to be illegal, and to restrain the said acts.
The afore-mentioned section defines the requisites which prospective city contract bidders must meet prior to and subsequent to awarding of city contracts. Among such requisites are: (a) said contractors or subcontractors must pay their employees no less than $1.50 per hour; (b) requirement that the place of the performed work, labor or services, be done in sanitary and safe surroundings. The section then goes on to enumerate certain penalties and procedural remedies to be utilized should it be violated.
Plaintiff complains that, among other things, this section is inconsistent with section 220 of the Labor Law and, therefore, in violation of section 12 of article IX of the New York State Constitution, which prohibits local legislation from being enacted which would be inconsistent with the Constitution or State law. Further, that subdivision a of section 27 of the City Charter prohibits the enactment of local legislation which would be inconsistent with the charter; that the concerned section is inconsistent with subdivision b of section 343 of the City Charter, which concerns itself with the bidding procedure utilized in awarding city contracts. The plaintiff advances that the section covers a scope in excess of the power granted under the Constitution afore-mentioned, as well as the City Home Rule Law. The excess complained of lies in the area of regulation of a minimum wage of domestic workers and foreign workers. Plaintiff contends that local legislation in the area of public works “ minimum wage ” has been pre-empted by section 220 of the Labor Law.
The issue is narrowed to whether the city can legislatively set a wage standard or requirement which must be met by prospective city contract bidders, or, would by so doing create an inconsistency with the existing State Constitution and State statutes, as well as local statutes.
*350 The Constitution, under the Home Rule article, permits cities and municipalities broad and conclusive powers to regulate by legislation its affairs in a manner akin to private corporations or business concerns. There attaches thereto the implied power to deal with persons not within the State. The purpose of these powers is to facilitate the business of the State subdivisions and to allow area peculiarities to be considered by persons familiar with and who are to be affected by the said local legislation.
There is no existing statute alleged in the plaintiff’s complaint which regulates and dictates requirements to be met by bidding contractors on a local level. Section 220 relates solely to a minimum wage setting by localities. It recites a method by which localities are to ascertain what the minimum wage should be for persons performing work, labor or services under a public works project. Plaintiff contends that the section prohibits local legislation in the field of minimum wage establishment in public works by reason of législative intent to cover the entire field. On the face of the section of the Labor Law there is no concern other than hours and wages. Localities are not precluded from going beyond hours and wages as concerns public works contracts. If the plaintiff’s contentions were correct as regards to pre-emption, he must nonetheless fail by reason of his omission of an allegation that section 343-9.0’s minimum wage of $1.50 was not computed according to and under direction of section 220.
Plaintiff’s contention that the local legislation may not authorize wage regulation of foreign employees under city contracts must fail also. Section 220 does not mention regulation of wages of foreign employees and, therefore, does not by reason of its failure to do so, preclude localities from so doing. This applies, too, to the plaintiff’s allegation of whether or not the city may legislate incidentally, and not inconsistently, in the area of minimum wages for persons engaged under public contract for the supplying of supplies, materials and equipment.
The court does not see any inconsistency between section 343-9.0 and subdivision b of section 343 causing 343-9.0 to fall by reason of subdivision a of section 27 of the charter.
The city, as afore-mentioned, has the power to deal with persons whom it considers responsible. It also has the power to qualify those persons from whom bids are accepted. The law does, however, demand parity. The requirement of $1.50 minimum wage would, and is, applicable to all persons seeking contracts and from those qualifying the lowest responsible bidder will, ‘ ‘ things being equal ’ ’, be accepted.
*351 The motion, accordingly, is granted, with leave of the court for plaintiff to serve an amended complaint within 20 days from the date hereof. No motion costs.