## (December 17, 1963)

■ FOSTER MCMILLEN, as a Taxpayer of the City of New York, Appellant, v. ROGER J. BROWN, as Commissioner of Purchase of the City of New York, et al., Respondents.

RABIN, J. (dissenting). I dissent and vote to reverse. I am of the opinion that the complaint states a cause of action challenging the validity of section 343–9.0 (subd. a, par. 1) of the Administrative Code. Plaintiff in this taxpayer's action seeks an order (1) determining that section 343–9.0 (subd. a, par. 1) of the Administrative Code (hereinafter referred to as Local Laws 1961, No. 91 of City of New York) which provides for a $1.50 per hour minimum wage for all persons employed by those furnishing work, labor, services or materials to the city is illegal and void, and (2) enjoining defendants (officials of the City of New York) from henceforth implementing this provision. He appeals from a dismissal of his complaint for failure to state a cause of action.

Plaintiff sets forth four causes of action, any one of which he contends is sufficient to warrant the relief requested. If any one of the four is sufficient, then the order entered below must be reversed.

Insofar as pertinent, Local Law 91 provides:

" Contracts for supplies, materials, equipment or work, labor or services.— a. Every contract for or on behalf of the city for the manufacture, furnishing or purchase of supplies, material or equipment, or for the furnishing of work,

labor or services, and entered into by public letting founded on sealed bids pursuant to section three hundred forty-three of the New York city charter, shall contain stipulations by which the contractor agrees:

"1. That all persons employed by the contractor and any subcontractor in the manufacture or furnishing of the supplies, materials or equipment, or the furnishing of work, labor or services, used in the performance of the contract will be paid, without subsequent deduction or rebate unless expressly authorized by law, not less than the sum of one dollar and fifty cents an hour."

The first cause of action alleges the invalidity of Local Law No. 91 on the ground that its minimum wage provision is inconsistent with section 220 of the State Labor Law (N. Y. Const., art. IX, § 12).

Section 220 of the Labor Law imposes the duty upon contractors and sub-contractors performing city contracts relating to public works to pay to their employees a minimum wage equal to the prevailing wage rate for the same trade or occupation in the same locality. Conceivably, such minimum wage could be below $1.50. Inasmuch as Local Law No. 91 prescribes a rigid minimum wage of $1.50 for work governed by section 220, it is inconsistent with that section. In an attempt to reconcile Local Law No. 91 with section 220, it is urged that Local Law No. 91 is intended solely as a floor, and hence is not inconsistent with section 220 if the prevailing wage rate is higher. So does section 220 provide a floor, but it does not fix it at a low of $1.50. Consequently, the attempt to so reconcile these enactments is of no avail.

The Legislature, in prescribing a minimum wage, cannot be held to have intended that New York City may enact its own minimum wage, albeit a higher one (*Wholesale Laundry Bd. of Trade* v. *City of New York*, 18 A D 2d 968, affd. 12 N Y 2d 998). Rather, by the enactment of section 220, the Legislature intended to prescribe the sole minimum wage rate in those matters specified. The Legislature having expressed its intent that the prevailing wage rate shall be the minimum wage, the city is foreclosed from asserting any other wage minimum.

The complaint in its third cause of action presents another cogent reason for declaring the law invalid. It alleges that insofar as Local Law No. 91 requires a minimum wage clause in city contracts for "'supplies, materials, equipment' as well as * * * for 'work, labor or services' [it] is * * * in excess of the power * * * delegated to the * * * city * * * either by Article 9, section 12 of the * * * Constitution or by * * * section 11 (1) (b) of the City Home Rule Law, both of which expressly limit the city's power * * * to regulate minimum wages to only those employees of contractors who are 'performing work, labor, services for the City.'" I agree with that analysis because the only power given to the city, in respect to contracts entered into by it, was to legislate regarding wages paid for work, labor and services rendered to the city, and not with respect to wages paid to labor employed in manufacturing, materials that the city contracts to buy.

Moreover, while the local law here challenged differs materially from the local law successfully challenged in *Wholesale Laundry Bd. of Trade* v. *City of New York* (*supra*), I am of the opinion that it is in conflict with the spirit of that decision. True, Local Law No. 91 does not require every private employer to pay the rigid $1.50 minimum, yet insofar as it requires virtually all those contracting with the city to pay such a minimum, it operates in the same sphere as the State Minimum Wage Act — an area pre-empted by the State.

Stevens, Eager, Steuer and Bastow, JJ., concur in decision; Rabin, J. P., dissents in opinion.

Order, entered on July 22, 1963, granting defendants' motion to dismiss the complaint as insufficient, affirmed, with $20 costs and disbursements to respondents. [40 Misc 2d 348.]